## BOARD OF COM. OF JEFFERSON COUNTY *v.* WOLLARD.

The county treasurers not entitled to compensation from the county, for making out a list of school taxes with a statement of taxes paid and unpaid, as required by statute.

Jefferson County *v.* Wollard.

ERROR, *to Jefferson District Court.*

This suit was commenced before the board of commissioners of the county of Jefferson. Wollard filed his account for services rendered by him in making out a complete list of the lands and property on which the school taxes remained unpaid, on the first Monday of January, 1847, with a statement, showing the amounts of school taxes paid and those remaining unpaid, as required by third section of the school law, approved January 15, 1846; Laws of 1846, p. 9. The commissioners refusing to allow his account, he took an appeal to the district court, where, under the charge of the court, he obtained a verdict and judgment. Judge Olney charged the jury, " that as the act required the services to be performed, and made no provision for compensation, the plaintiff was entitled to recover, in this suit, a reasonable compensation for his labor, and further, that the compensation fixed by the fifth section of that act, (the school law above referred to,) and the fifty-first section of the ' act ([a]) to provide for assessing and collecting public revenue,' approved 15 January, 1844, does not cover the work and labor sued for in this action, nor is there any compensation therefor provided by statute."

*Geo. Acheson,* for the county. By the sixth section of the act requiring the performance of the services for which suit in this case was brought, the treasurer is allowed a *per cent.* for collecting and paying out school funds, which we hold was intended for full compensation for all duties required by said act.

By reference to section 48–51 inclusive, of the " act to provide for assessing and collecting public revenue," approved February 15th, 1844, it will be seen that the same services are required of the treasurer, in relation to the ordinary revenue, and no special compensation is fixed therefor. Section 51 of said act gives him a per cent., also the same fees as

[a] See Laws of 1844, p 35

are allowed to constables where taxes have to be collected by distress and sale of goods, and also fifty cents for each deed for land sold for taxes. Now, by reference again to the act first above referred to, the court will see that section sixth gives the treasurer his per cent., and section three makes it his duty to collect the school tax in the same manner that territorial and county taxes are collected, and gives him the same remedy to enforce collection. Hence we contend that the treasurer is allowed for all services required in relation to the school fund, 1st. His per centage; 2d. The same fees as constables on execution, when he has to proceed by distress and sale of goods; and 3d. Fifty cents for each deed for land sold for school tax; and that said treasurer cannot legally recover any further or extra compensation.

*Charles Negus*, for the defendant. Wollard claimed and recovered, in the court below, an account for services rendered in making a statement of the school fund. This act allows the treasurer one per cent. as a compensation for collecting and paying over this fund, but it makes no provisions for any other services.

The third section of said act provides that the treasurer shall proceed to collect said tax in the said manner, and use the same means as he does in collecting other taxes, but it does not make the provision for any pay, but is silent in this respect. The treasurer receives five per cent. for collecting other revenues, as well as fees for other services, but in collecting the school money the statute only gives one per cent. for collecting, and says nothing about other compensation. We cannot think that it was the intention of the legislature that the treasurer should make out this list for the commissioners, and do other services required by law for the one per cent., but that he should have a reasonable compensation.

*Opinion by* HASTINGS, C. J. It is admitted by the defendant in error, that he seeks recovery for services rendered, required by a statute, and for which the legislature have made no provision for compensation. And it appears that the court below

Jefferson County *v.* Wollard.

charged the jury that Wollard, who it seems was the treasurer of the county of Jefferson, was entitled to recover, for services rendered, because the law required him to perform them. The law creating the officer of county treasurer, defines his duties and provides for compensation. The undertaking of the government is to provide the compensation specified as a reward for the faithful performance of the duties of the office. A man is not compelled to accept the office of treasurer, and if he do so, he will take it with all the honors, emoluments, and burthens pertaining to the same. There being no law making it the duty of the plaintiffs in error to provide compensation for the services specified, he has no legal demand against them. This question was settled in the case of Whichen *v.* The Board of Commissioners of the county of Cedar, tried at the January term of this court, 1848, in which it appeared the plaintiff in error was appointed by the district court, to defend a pauper indicted for a crime, the statute requiring the court to appoint an attorney to defend paupers in certain cases. In this case we decided that the plaintiff's remedy was by petition to the legislature for relief, there being no law making it the duty of the defendants to compensate him for such services.

The court below seem to consider this a case of employment and service, as between individuals, and raises an implied assumpsit. The case, we think, however, is very different. The government is not compelled to compensate its citizens for any services rendered; it is altogether a matter of discretion. The plaintiffs in error are officers whose duties are defined and liabilities fixed, and they ought not to be liable for compensation to other officers, whose duties are also clearly defined by the legislature, unless the legislature shall make it their duty to provide such compensation. The services rendered in this case were not rendered at the instance and request of the plaintiffs in error, nor were they rendered any more for the benefit of the plaintiffs than others. The services were rendered, not to facilitate the collection of an ordinary revenue for the state or county, but for a special

fund to be created for the benefit of common schools, a fund highly favored and encouraged by the laws.

However worthy the defendant may be of the compensation which he seeks, it was not in the power of the court below, nor of this court, to make a law, making it the duty of the plaintiffs to allow the defendant's demand.

Judgment reversed.

GREENE, J., dissenting. I think the instructions of the court below in this case are correct, and that the judgment should be affirmed. The statute requires the treasurer to render valuable service to the county, but makes no provision for his remuneration. In requiring an officer to perform such labor, I think the law necessarily implies reasonable compensation. The county accepted and enjoyed the benefit of the work; it was essential to secure the collection of the unpaid school tax, and in setting forth the amount of the school funds. I cannot but regard it as manifestly unjust, and contrary to the honest intention of the law, to deny remuneration.